**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>Steven P. Bureau</u>

     v.                          Civil No. 18-cv-892-PB

<u>Theodore Dillon</u>,
<u>Howard Clark Preston</u>,
<u>Michael Lambert</u>, and
<u>Ryan Milligan</u>[1]

**REPORT AND RECOMMENDATION**

Before the court is pro se plaintiff Steven P. Bureau's complaint (Doc. No. 1) filed pursuant to 42 U.S.C. § 1983, alleging that officers of the Merrimack Police Department ("MPD") have violated his constitutional rights. The complaint is before this magistrate judge for preliminary review, pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(1). Also before this magistrate judge is Bureau's motion to amend the complaint (Doc. No. 3).

**Background**

---

[1]The complaint itself does not name any defendants in this action. The civil cover sheet (Doc. No. 1-1) attached to the complaint names "Theodore Dillon et al." as defendants. The Clerk of Court obtained and docketed the names of defendants Howard Clark Preston, Michael Lambert, and Ryan Milligan, from the summonses Bureau filed. Bureau provides no other identifying information for the four defendants, either in his complaint or on the summons forms.

Bureau alleges that on multiple unspecified dates, unidentified officers of the MPD unlawfully arrested him.  He alleges further that on several of these occasions, MPD officers tried to keep his incarceration a secret and that he missed two arraignment dates.  Compl. (Doc. No. 1).

Bureau alleges that on September 24, 2015, unidentified MPD officers unlawfully removed him from his home.  At the time of the removal, Bureau informed the officers that his landlord assaulted him and then denied him the use of a phone to call 911.  He also alleges that one of the unidentified MPD officers who removed him from his home is a friend of his landlord and that he (Bureau) has copies of emails between the officer and the landlord conspiring to remove Bureau from his home.  Id.

## **Preliminary Review Standard**

The court reviews complaints filed by pro se plaintiffs to determine, among other things, whether plaintiff has asserted any claim upon which relief might be granted.  See 28 U.S.C. § 1915(e)(2), LR 4.3(d)(1).  In determining whether a pro se pleading states a claim, the court construes the pleading liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted).  Disregarding any legal conclusions, the court considers whether the factual content in the pleading and inferences reasonably drawn therefrom, taken as true, state a

claim to relief.  Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citations omitted).

## Discussion

Bureau contends that MPD officers violated his constitutional rights when they:  1) unlawfully arrested him; 2) attempted to keep his incarceration a secret, causing him to miss two arraignment dates; 3) unlawfully removed him from his home on September 24, 2015; and 4) conspired with his landlord to remove him from his home.  Liberally construed, the complaint appears to assert Fourth Amendment claims of false arrest and false imprisonment under 42 U.S.C. § 1983.  In addition, Bureau asserts the MPD officers' behavior constitutes malicious prosecution under the Fourth Amendment and/or state tort law.

## I.    False Arrest and False Imprisonment

In general, an arrest is lawful under the Fourth Amendment if the police officer has probable cause.  See Holder v. Town of Sandown, 585 F.3d 500, 504 (1st Cir. 2009).  "[T]he general rule [is] that Fourth Amendment seizures are 'reasonable' only if based on probable cause to believe that the individual has committed a crime."  Bailey v. United States, 568 U.S. 186, 192 (2013) (quoting Dunaway v. New York, 442 U.S. 200, 213 (1979) (internal quotation marks omitted)).  To that end, a police

3

officer has probable cause when, at the time of the arrest, the "facts and circumstances within the officer's knowledge ... are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." Michigan v. DeFillippo, 443 U.S. 31, 37 (1979); see also Beck v. Ohio, 379 U.S. 89, 91 (1964); Acosta v. Ames Dep't Stores, 386 F.3d 5, 9 (1st Cir. 2004) (citing Beck, 379 U.S. at 91; United States v. Figueroa, 818 F.2d 1020, 1023 (1st Cir. 1987)).

To prevail on a claim for false imprisonment, a plaintiff must demonstrate that:

> (1) the defendant acted with the intent of confining him within boundaries fixed by the defendant; (2) the defendant's act directly or indirectly resulted in the plaintiff's confinement; (3) the plaintiff was conscious of or harmed by the confinement; and (4) the defendant acted without legal authority.

Ojo v. Lorenzo, 64 A.3d 974, 982 (N.H. 2013). "Although 'a lack of probable cause is not an element of false imprisonment'" that must be pled under state common law, "probable cause is 'a defense to a [tort] claim for false imprisonment resulting from a warrantless detention.' " Farrelly v. City of Concord, 130 A.3d 548, 560 (N.H. 2015).

Bureau has not pled that the defendants identified by name on his summons forms are MPD officers, nor specified which

defendants are liable for his Fourth Amendment claims.  To the
extent Bureau can allege specific facts that demonstrate that an
identified MPD officer arrested and/or incarcerated him without
probable cause, and that he was harmed by such arrest and/or
incarceration, he may be able to state grounds for relief under
the Fourth Amendment.  Accordingly, his claims of false arrest
and false imprisonment should not be dismissed at this stage of
the case, and in an Order issued simultaneously with this Report
and Recommendation, the court grants Bureau leave to amend his
complaint to identify the defendants to his Fourth Amendment
claims, and to state, with specificity, what each defendant did
that violated his rights, and what facts demonstrate that each
defendant acted without probable cause to arrest and/or
incarcerate him, or to remove him from his home.


II.  Malicious Prosecution

     "[A] plaintiff may bring a suit under § 1983 ... [for a
Fourth Amendment malicious prosecution claim] if he can
establish that: 'the defendant (1) caused (2) a seizure of the
plaintiff pursuant to legal process unsupported by probable
cause, and (3) criminal proceedings terminated in plaintiff's
favor.' "  Hernandez-Cuevas, 723 F.3d at 101 (citation omitted).
Similarly, under state law, the elements of malicious
prosecution are:  "(1) the plaintiff was subjected to a criminal

prosecution ... instituted by the defendant; (2) without
probable cause; (3) with malice; and (4) the prior action
terminated in the plaintiff's favor." Farrelly, 130 A.3d at
560.

Bureau does not name any defendant as having caused his
seizure or having instituted prosecution against him for a
criminal offense.  Nor has he named any defendant as having
acted against him pursuant to legal process and without probable
cause.  Finally, Bureau does not identify any criminal
proceeding involving one or more of the defendants that has
terminated in Bureau's favor.  Accordingly, the facts alleged
are insufficient at this time to state a malicious prosecution
claim upon which relief might be granted.  See Iqbal, 556 U.S.
at 678.

In the Order issued simultaneously with this Report and
Recommendation, the court grants Bureau leave to amend his
complaint to assert additional facts sufficient to state one or
more malicious prosecution claims.  To do so Bureau must amend
his complaint, and for each allegation of malicious prosecution:
1) identify the defendant(s) who seized or caused him to be
seized; 2) state when and how the seizure was made; 3) state
whether the seizure was made pursuant to a warrant or some other
legal process; 4) state whether there was probable cause for
issuance of the warrant or other legal process, or for the

seizure; 5) identify the criminal proceeding that occurred as a consequence of the seizure; and 6) state whether the criminal proceeding has terminated in Bureau's favor.

III. <u>Motion to Amend</u>

Bureau has filed a document titled "Motion to Amend Complaint (Add Defendants)." (Doc. No. 3). The Motion consists of nothing but a caption and the title. Attached to the Motion are summonses for 16 individuals who are identified only by name and who are not mentioned in the motion to amend or the complaint. Summons 1-32 (Doc. No. 3-1). The final summons is for the Merrimack Police Department, which also is not mentioned in the motion to amend or the complaint. Summons 33-34 (Doc. No. 3-1).

Under Federal Rule of Civil Procedure 15(a), the court should freely give leave to amend "when justice so requires." This liberal standard does not mean that every request for leave to amend should be granted. See Manning v. Boston Med. Ctr. Corp., 725 F.3d 34, 60 (1st Cir. 2013). Rather, a court may deny a request for leave to amend when "the request is characterized by undue delay, bad faith, futility, or the absence of due diligence on the movant's part." Id. at 61 (citation, internal quotation marks and brackets omitted).

A "futile" amendment is one that "would fail to state a

claim upon which relief could be granted." Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996). When, as here, a plaintiff files a motion to amend to add defendants, and the motion both fails to identify the defendants it seeks to add and contains no factual allegations whatsoever, such an amendment would be futile. Bureau's motion to amend should be denied, but without prejudice.

In the Order issued simultaneously with this Report and Recommendation, the court grants Bureau leave to amend his complaint to assert additional facts to state one or more false arrest, false imprisonment, and/or malicious prosecution claims. Bureau likewise may amend his complaint to add defendants whom he believes participated in one or more constitutional violations alleged in the amended complaint. To do so, however, Bureau must identify those individuals by name in the amended complaint and meet the other previously described pleading requirements.

## Conclusion

For the foregoing reasons, the district judge should deny Bureau's Motion to Amend to add defendants (Doc. No. 3). Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon

motion.   Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order.   See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016); Fed. R. Civ. P. 72(b)(2).


Andrea K. Johnstone
United States Magistrate Judge

June 6, 2019

cc:  Steven P. Bureau, pro se