**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**


Steven P. Bureau

    v.                              Case No. 18-cv-892-PB

Theodore Dillon,
Howard Clark Preston,
Michael Lambert,
Ryan Milligan, and
Amy Cammarota


**REPORT AND RECOMMENDATION**


    Before the court is pro se plaintiff Steven P. Bureau's amended complaint filed pursuant to 42 U.S.C. § 1983, alleging defendants have violated his constitutional rights.  See § 1983 Compl. (Doc. No. 1), as amended by (Doc. Nos. 7-1, 10).  The amended complaint is before this magistrate judge for preliminary review, pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2).


**Background**


I.   Original Complaint

    Bureau filed his original complaint in this court on September 24, 2018.  In it, he alleged that on multiple unspecified dates, unidentified officers of the Merrimack Police Department ("MPD"): unlawfully arrested him; tried to keep his incarceration a secret, causing him to miss two arraignment

dates; and unlawfully removed him from his home after his landlady assaulted him.

On preliminary review, the court found that, liberally construed, the complaint appeared to assert Fourth Amendment claims of false arrest, false imprisonment, and malicious prosecution under 42 U.S.C. § 1983, but that Bureau had failed to allege sufficient facts to state such claims.  See Sept. 6, 2019 Order (Doc. No. 9) (approving June 6, 2019 Report and Recommendation ("R&R") (Doc. No. 4)).  Rather than dismiss the complaint, the court provided Bureau the opportunity to amend it, see id., and issued an order setting out the information Bureau was required to provide to adequately raise claims of false arrest, false imprisonment, and malicious prosecution, see Doc. No. 5.

## II.  First Amended Complaint

Bureau filed an amended complaint on August 5, 2019, alleging that MPD officers denied him protection from domestic violence on multiple occasions and refused to intervene on his behalf in domestic violence-related matters involving his daughter and involving his landlady, Amy Cammarota.  See Aug. 5, 2019 Am. Compl. (Doc. No. 7-1) at 1.  Next, Bureau lists, with varying detail, arrests, detentions, and other incidents involving MPD officers dating back to April 27, 2015.  (Doc. No.

2

7-1).  He refers to some of these as "related" but does not indicate how they are related, except that they involve domestic violence.  Among the incidents he cites are those that occurred on September 24, 2015.

III.  <u>Second Amended Complaint</u>

Bureau filed a second amended complaint (Doc. No. 10) on September 19, 2019.[1]  In it, he alleges that on September 24, 2015, his landlady, Amy Cammarota, assaulted him and denied him the use of a phone to call 911.  He alleges further that as he was attempting to leave the property, defendant MPD Officers Theodore Dillon, Howard Clark Preston, Michael Lambert, and Ryan Milligan, drove onto the property and blocked his truck from leaving.  Bureau asserts that he told the defendants that Cammarota had assaulted him and refused to let him use the phone to report the assault.  According to Bureau, defendants Lambert

---

[1]The court does not treat Doc. No. 10 as an amended complaint that supersedes Doc. No. 7-1, Bureau's first amended complaint.  <u>Cf.</u> Connectu LLC v. Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008) (stating the general rule that an amended complaint replaces an original complaint).  When he filed Doc. No. 7-1, Bureau asked for an extension of time to complete his amended complaint, <u>see</u> Aug. 5, 2019 Mot. for Ext. of Time (Doc. No. 7) at 1, indicating he considered Doc. No. 7-1 part of his amended complaint and did not intend for Doc. No. 10 to supersede it but to complete his amended complaint.  There is no reason to believe Bureau, a layman, understood that he was to file only one complete amended complaint, <u>cf</u>. Fed. R. Civ. P. 15(a) (permitting a party to amend its complaint "once as a matter of course at any time before a responsive pleading is served").

and Preston detained Bureau in the backyard, while defendants
Dillon and Milligan spoke with Cammarota in the house.

Bureau asserts that Dillon provided Cammarota eviction
paperwork which she completed, and which Dillon signed as a
witness.  Dillon then gave the completed eviction papers to
Bureau.  Bureau alleges the MPD defendants then forced him to
leave the property.

On September 29, 2015, according to Bureau, he was pulled
over by an MPD Officer.  He does not state who pulled him over
or why he was pulled over.  He does allege, however, that on the
same day, defendant Dillon threatened to arrest him if he went
back to the house without a court order allowing him to do so.

Bureau asserts that he then obtained a Landlord/Tenant
Protective Order and a Domestic Violence Protective Order from
the Merrimack District Court.  He alleges Cammarota changed the
locks on the home and that the MPD refused to enforce the
Landlord/Tenant Protective Order.

Bureau alleges also that defendants Dillon and Cammarota
are friends and that they conspired to have him evicted from the
home.  He asserts that he has copies of emails between the two
that support his allegation.

Bureau alleges Cammarota never filed eviction paperwork
with the court.  He asserts that he has a lease with Cammarota
and that the home at issue is still his legal address.  He

contends that he has never been legally evicted and that he has not voluntarily moved or vacated the home.  Nevertheless, Bureau alleges, he has been denied access to the home and his personal belongings since September 24, 2015.

## Preliminary Review Standard

The court screens complaints filed by plaintiffs proceeding in forma pauperis to determine, among other things, whether the plaintiff has asserted any claim upon which relief might be granted or seeks monetary relief from any defendant who is immune from the relief sought.  See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2).  To determine if the pleading states a claim upon which relief can be granted, the court first disregards any parts of the pleading that amount to legal conclusions; next, takes as true all well-pleaded facts in the plaintiff's complaint, the inferences reasonably drawn from those facts, implications from documents incorporated into the complaint, and facts subject to judicial notice; and finally, construes those facts in a light most favorable to the plaintiff's theory of liability.  See Breiding v. Eversource Energy, 939 F.3d 47, 49 (1st Cir. 2019); Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013).  In determining whether a pro se pleading states a claim upon which relief can be granted, the court

construes the pleading liberally.  See Erickson v. Pardus, 551
U.S. 89, 94 (2007).

## Claims

Construed liberally, Bureau raises the following claims in
the amended complaint:

1.   Bureau's Fourth Amendment rights not to be subject to
false arrest, false imprisonment, and/or malicious
prosecution were violated when unidentified MPD officers
arrested and/or imprisoned him on April 27, 2015; June 4,
2015; June 8, 2015; Sept. 29, 2015; Dec. 4, 2015; Jan. 3,
2016; Feb. 23, 2016; May 5, 2016; May 12, 2016; Sept. 20,
2016; Dec. 12, 2016; Feb. 9, 2017; and Nov. 7, 2017, for
violating one or more domestic violence protection orders
or for other unspecified reasons, and the charges against
him were subsequently dismissed, or he was subsequently
acquitted of those charges at trial.  See Aug. 5, 2019 Am.
Compl. (Doc. No. 7-1) at 1-2, 4-9.

2    Bureau's Fourth Amendment right not to be subject to
false arrest/false imprisonment were violated on September
24, 2015 by defendants Theodore Dillon, Howard Clark
Preston, Michael Lambert, and Ryan Milligan, when they
unlawfully detained him in the yard of his home and did not
release him from that detention until Dillon handed him
eviction paperwork.  See Sept. 19, 2019 Am. Comp. (Doc. No.
10) at 1.

3.   Bureau's Fourteenth Amendment right to procedural due
process was violated on September 24, 2015, by the MPD
defendants and Cammarota when they evicted him from his
home without constitutionally adequate process.  See id.

4.   Defendant Cammarota violated Bureau's right to "quiet
enjoyment of his tenancy" under N.H. Rev. Stat. Ann. § 540-
A:2 and/or N.H. Rev. Stat. Ann. § 540-A:3 when she changed
the locks and denied him access to the home which he leased
from her.  See id. at 2.

5.   Defendants Dillon and Cammarota violated 42 U.S.C. §
1985(3) of the Civil Rights Act by conspiring to violate
Bureau's rights.  See id.

6.   Bureau's Fourteenth Amendment right to substantive due
process was violated by unidentified MPD officers who
refused to enforce landlord/tenant and domestic violence
protective orders issued by the court on September 29,
2015.  See id.

7.   Defendant Cammarota has deprived Bureau of access to
his personal property inside the home in contravention of
state law against conversion of property.  See id.

8.   Bureau's Fourteenth Amendment right to equal
protection under the law was violated on October 7, 2015;
Nov. 7, 2015; and Nov. 12, 2015, when unidentified MPD
officers denied him a "civil standby"; denied him
protection from unspecified domestic violence and refused
to "take action" and intervene in unspecified situations.
See Aug. 5, 2019 Am. Compl. (Doc. No. 7-1) at 3.

9.   Bureau's truck was damaged on October 27, 2015, when
MPD officer Dean Killkelly ordered that it be towed from
Bureau's friend's yard.  See id. at 10.

10.  Bureau's Fourth Amendment rights not to be subject to
false arrest, false imprisonment, and malicious prosecution
were violated on Dec. 9, 2015, when Ryan Milligan arrested
him for stalking and breach of bail; Bureau was detained
until Dec. 20, 2015, and the charges against him
subsequently were dismissed.  See id. at 4-5.

11.  Bureau's Fourteenth Amendment right to due process was
violated by unidentified MPD officers who refused to take
unspecified action after Bureau's father filed a report on
December 19, 2015, that someone broke the windows of
Bureau's van while it was parked at Bureau's rental
property.  See id. at 5.

12.  On March 9, 2016, MPD officer Christopher Dowling
either denied Bureau a "civil standby" or denied him the
opportunity to file a report about a stolen van, milled
lumber, industrial compressor, boat, trailer, and other
items.  The exact nature of the claim against Dowling is
not clear from the pleadings.  See id. at 9.

13.  On August 13, 2016, MPD officer Daniel Lindhom refused
to intervene when defendant Cammarota and her boyfriend
removed Bureau's personal possessions from the house and
took them to the garbage dump.  See id.

14.  Bureau's Fourth Amendment rights not to be subject to
false arrest, false imprisonment, and malicious prosecution
were violated on December 1, 2016, when defendant Sean
McGuire arrested him for violating a domestic violence
protective order and the charge subsequently was dismissed.
See id. at 7.

15.  Bureau's Fourteenth Amendment right to procedural due
process was violated on Jan. 1, 2017 when unnamed MPD
officers sent false information to the New Hampshire State
Police that Bureau was "Adjudicated or Committed Mental
Defective," and the State Police added that information to
Bureau's NICS record.  See id. at 8.

16.  Bureau's Fourteenth Amendment right to procedural due
process was violated on or about February 3, 2017, when MPD
officer James Sullivan requested that the New Hampshire
Department of Motor Vehicles ("DMV") suspend Bureau's
license, falsely claiming that Bureau was incompetent to
stand trial.  See id.

## **Discussion**

### I.  Claims 1, 6, 8, 11, and 15

"It is well-settled that only those individuals who

participated in the conduct that deprived the plaintiff of his

rights can be held liable" under § 1983.  Velez-Rivera v.

Agosto-Alicea, 437 F.3d 145, 146 (1st Cir.2006) (quotation marks

omitted).  In its Order providing him the opportunity to file an

amended complaint, the court specifically instructed Bureau to

identify, by name, each defendant who participated in the

conduct forming the basis for each claim raised in the amended

complaint.  See June 6, 2019 Order (Doc. No. 5) at 2.  Bureau
does not assert that one or more of the named defendants
participated in the conduct alleged in Claims 1, 6, 8, 11, or
15.  Accordingly, the district judge should dismiss those
claims.

II.  Claims 9, 12-14, and 16

        In the cover sheet of his original complaint, Bureau named
"Theodore Dillon, et al." as the defendant in this action but
otherwise did not name any other individual as a defendant in
either the caption or body of the complaint.  Nevertheless, in
addition to Dillon, the Clerk of Court docketed Howard Clark
Preston, Michael Lambert, and Ryan Milligan as defendants, as
Bureau filed summonses for those individuals with the complaint.

        In its Order providing him the opportunity to file an
amended complaint, the court notified Bureau that he could amend
his complaint to add defendants whom he believed participated in
a constitutional violation alleged in the amended complaint,
provided he identified those individuals by name.  See Sept. 6,
2019 Order (Doc. No. 9) (approving June 6, 2019 R&R (Doc. No. 4)
at 8).  Bureau's first amended complaint does not include a
caption, but he raises claims implicating MPD Officers James
Sullivan, Sean McGuire, Christopher Dowling, Daniel Lindhom, and
Dean Killkelly, as well as Bureau's landlady, Amy Cammarota.

Thus far, only Cammarota has been added as a party to this action.[2]

Rule 18(a) of the Federal Rules of Civil Procedure provides:  "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party."  Fed. R. Civ. P. 18(a).  "Despite the broad language of Rule 18(a)," however, a "plaintiff may join multiple defendants in a single action only if [the] plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all."  7 Charles Alan Wright et al., Federal Practice and Procedure § 1655 (3d ed. 2009) (emphasis added).  In other words, Rule 18(a) permits multiple claims against a single defendant, but it does not permit the joinder of unrelated claims against different defendants.

Under Rule 20(a) of the Federal Rules of Civil Procedure, persons may be joined as defendants in a single action if "there is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all

---

[2] The Clerk of Court added Amy Cammarota as a defendant when Bureau filed his second amended petition.

defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).
"Thus, multiple claims against a single party are fine, but
Claim A against Defendant 1 should not be joined with unrelated
Claim B against Defendant 2.  Unrelated claims against different
defendants belong in different suits." George v. Smith, 507
F.3d 605, 607 (7th Cir. 2007).

Bureau may not bring all his claims in a single complaint.
Although he claims broadly that MPD officers failed to protect
him from domestic violence and failed to intervene on his behalf
in domestic violence-related incidents, that characterization
does not create the necessary relationship between his claims to
allow them to be asserted in a single lawsuit.  Bureau has not
alleged that all the MPD officers named in the amended complaint
participated in the same transaction or series of transactions
and that a question of fact or law is common to all of them.
Nor is it clear from the amended complaint that the interactions
between Bureau and the various officers involved the same
domestic violence incident, domestic violence protective order,
or same victim/complainant or that all the incidents recounted
were related to domestic violence.

The only incident that appears in the original complaint
and the first and second amended complaints is that which
occurred on September 24, 2015, involving defendants Dillon,

Preston, Lambert, Milligan, and Cammarota.  Those defendants
should remain parties to this action.


A.   Claims 9, 12, 14, and 16

The district court should dismiss Claims 9, 12, 14, and 16
against Dean Killkelly, Christopher Dowling, Sean McGuire, and
James Sullivan, respectively, without adding those individuals
as defendants to this action.  First, those claims do not allege
facts from which it can be inferred that they are related to the
September 24, 2015 incident.  Second, they allege acts by
individuals other than Dillon, Preston, Lambert, Milligan, or
Cammarota.  Finally, Killkelly, Dowling, McGuire, and Sullivan
have not yet been recognized by the court as parties to this
action.  Cf. Fed. R. Civ. P. 21 ("Misjoinder of parties is not a
ground for dismissing an action.  On motion or on its own, the
court may at any time, on just terms, add or drop a party.  The
court may also sever any claim against a party.").  The district
court should dismiss Claims 9, 12, 14, and 16 without prejudice
to Bureau's ability to raise them in separately filed
complaints.


B.   Claim 13

The district court also should dismiss Claim 13 against MPD
officer Daniel Lindhom without adding him as a defendant to this

12

action.  The claim against Lindholm is related to the September
24, 2015 incident only because the personal property Cammarota
allegedly took to the dump belonged to Bureau and, presumably,
came from the house from which he was evicted.  The incident
alleged in Claim 13 occurred on August 13, 2016, however, so it
was not part of the same transaction or series of transactions
that occurred on or about September 24, 2015.  Moreover, the
questions of fact and law in Claim 13 (failure to protect
property from private actors) is different from the questions of
fact and law related to the September 24, 2015 incident (false
arrest/imprisonment, due process, etc.).  Finally, Bureau does
not allege Lindholm was involved in the September 24, 2015
incident.  The district court should dismiss Claim 13 without
prejudice to Bureau's ability to raise it in a separately filed
complaint.


III. Claim 5

     Liberally construed, the amended complaint raises a free-
standing conspiracy claim against defendants Cammarota and
Dillon.  Section 1985(3) of the Civil Rights Act "confers a
private right of action for injuries occasioned when 'two or
more persons . . . conspire . . . for the purpose of depriving,
either directly or indirectly, any person or class of persons of
the equal protection of the laws, or of equal privileges and

13

immunities under the laws[.]" <u>Burns v. State Police Ass'n of</u> <u>Mass.</u>, 230 F.3d 8, 12 n.3 (1st Cir. 2000) (quoting 42 U.S.C. § 1985(3)). "It has long been established that a claim under § 1985(3) requires 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'" <u>Perez-Sanchez v. Pub. Bldg. Auth.</u>, 531 F.3d 104, 107 (1st Cir. 2008) (quoting <u>Griffin v. Breckenridge</u>, 403 U.S. 88, 102 (1971)). Here, Bureau does not allege Cammarota and/or Dillon acted out of discriminatory animus based on race or another protected category. Accordingly, the district court should dismiss Claim 5 for failure to state a claim upon which relief may be granted.

IV.  <u>Claim 7</u>

Liberally construed, it appears the amended Complaint raises a state tort claim of conversion against defendant Cammarota. "Conversion is an intentional exercise of dominion or control over [personal property] which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the [personal property]. <u>Muzzy v. Rockingham Cty. Tr. Co.</u>, 309 A.2d 893, 894 (N.H. 1973)) (citations omitted).

Bureau alleges that Cammarota changed the locks on the home before he could remove his personal property, and that he has

not had access to his personal property since September 24, 2015. Bureau also alleges Cammarota and her boyfriend took his personal possessions to the garbage dump. The allegations, taken as true for purposes of initial review, sufficiently state a state claim for conversion against Cammarota to survive initial review. In an Order issued this date, the court has directed service of Bureau's conversion claim against defendant Cammarota.

V.    Claims 2-4 and 10

Bureau has alleged sufficient facts for Claims 2, 3, 4, and 10 to survive initial review. Therefore, in an Order issued simultaneously with this R & R, the court has directed service of these claims against defendants Dillon, Preston, Lambert, Milligan, and Cammarota.

## Conclusion

For the foregoing reasons, the district judge should dismiss Claims 1, 5-9, and 11-16 of the amended complaint. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file specific written objections to the Report and Recommendation within the specified time waives the

right to appeal the district court's order.  <u>See</u> <u>Santos-Santos</u>

<u>v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016)</u>.


_____
Andrea K. Johnstone
United States Magistrate Judge

January 29, 2020

cc:  Steven P. Bureau, pro se